IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COREY B. PHILLIPS and | : | CIVIL ACTION |
| ALICIA S. PHILLIPS, his wife | : | |
| Plaintiffs | : | NO. 02- |
| v. | : | |
| WEST NORRITON TOWNSHIP | : | |
| and | : | |
| MANRICO A. TRONCELLITI, JR. | : | |
| and | : | |
| EDWARD J. BARTOSZEK | : | |
| and | : | |
| BARBARA A. BERGSTRASSER | : | JURY TRIAL DEMANDED |
| and | : | |
| GEORGE J. STOJANOVICH | : | |
| and | : | |
| MICHAEL A.VEREB, Individually and in their Official Capacity as Commissioners of West Norriton Township | : | |
| and | : | |
| THE BOARD OF COMMISSIONERS OF WEST NORRITON TOWNSHIP | : | |
| and | : | |
| JOSEPH J. HEIN, Individually and in his Official Capacity as Township Manager of West Norriton Township | : | |
| and | : | |
| ROBIN DeANGELIS, Individually and in her Official Capacity as Assistant Township Manager of West Norriton Township | : | |
| Defendants | : | |

## **COMPLAINT**

I. **NATURE OF THE CLAIM**

1. The Plaintiff, Corey B. Phillips, brings this action seeking redress of the deprivation of rights secured by the Plaintiff by reason of Civil Rights Act of 1871, 42 U.S.C. §1983, and in particular, the deprivation of due process rights and liberty interest protected by the United States Constitution; breach of contract; wrongful

termination; conversion; defamation; false imprisonment; violation of the Sunshine Law of the Commonwealth of Pennsylvania 65 P.S. §701 *et. seq.*; violation of the First Class Township Code of the Commonwealth of Pennsylvania 53 P.S. §55107 *et. seq.*; The Local Agency Law of the Commonwealth of Pennsylvania 2 Pa. C.S.A. §551 *et. seq.*; and seeking an accounting, actual, compensatory, and punitive damages.

The Plaintiff, Alicia S. Phillips, his wife, brings this cause of action seeking damages for loss of consortium.

## II.   JURISDICTION

2.   The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331, 1343(3)(4), and supplemental jurisdiction pursuant to 28 U.S.C. §1367 over the state causes of action.

## III.   PLAINTIFFS

3.   The Plaintiff, Corey B. Phillips, is an adult individual who, at the time that this cause of action arose, was a resident of Chester County in the Commonwealth of Pennsylvania and certified as a Class A PGA Golf Professional.

Alicia S. Phillips is the wife of Corey B. Phillips.

## IV.   DEFENDANTS

4.   The Defendant, West Norriton Township (hereinafter "the Township"), is a First Class Township of the Commonwealth of Pennsylvania with its principal place of business at 1630 West Marshall Street, Jeffersonville, Montgomery County, Pennsylvania 19403.

5.     The Defendant, West Norriton Township Board of Commissioners (hereinafter "the Commissioners"), is the governing body of West Norriton Township with its principal place of business located at 1630 West Marshall Street, Jeffersonville, Montgomery County, Pennsylvania 19403.

6.     The Defendant, Manrico A. Troncelliti, Jr., is an adult individual and a member of the Board of Commissioners of West Norriton Township against whom this action is brought in his individual and official capacity and who engages in business on behalf of said Township at c/o West Norriton Township, 1630 West Marshall Street, Jeffersonville, Montgomery County, Pennsylvania 19403.

7.     The Defendant, Edward J. Bartoszek, is an adult individual and a member of the Board of Commissioners of West Norriton Township against whom this action is brought in his individual and official capacity and who engages in business on behalf of said Township at c/o West Norriton Township, 1630 West Marshall Street, Jeffersonville, Montgomery County, Pennsylvania 19403.

8.     The Defendant, Barbara A. Bergstrasser, is an adult individual and a member of the Board of Commissioners of West Norriton Township against whom this action is brought in his individual and official capacity and who engages in business on behalf of said Township at c/o West Norriton Township, 1630 West Marshall Street, Jeffersonville, Montgomery County, Pennsylvania 19403.

9.     The Defendant, George J. Stojanovich, is an adult individual and a member of the Board of Commissioners of West Norriton Township against whom this action is brought in his individual and official capacity and who engages in business on

behalf of said Township at c/o West Norriton Township, 1630 West Marshall Street, Jeffersonville, Montgomery County, Pennsylvania 19403.

10.     The Defendant, Michael A. Vereb, is an adult individual and a member of the Board of Commissioners of West Norriton Township against whom this action is brought in his individual and official capacity and who engages in business on behalf of said Township at c/o West Norriton Township, 1630 West Marshall Street, Jeffersonville, Montgomery County, Pennsylvania 19403.

11.     The Defendant, Joseph J. Hein, is the Township Manager of West Norriton Township (hereinafter "the Township Manager" or "Hein") against whom this action is brought in his individual and official capacity and who engages in business on behalf of said Township at c/o West Norriton Township, 1630 West Marshall Street, Jeffersonville, Montgomery County, Pennsylvania 19403.

12.     The Defendant, Robin DeAngelis, is the Assistant Township Manager of West Norriton Township (hereinafter "the Assistant Township Manager") against whom this action is brought in her individual and official capacity and who engages in business on behalf of said Township at c/o West Norriton Township, 1630 West Marshall Street, Jeffersonville, Montgomery County, Pennsylvania 19403.

V.      **STATEMENT OF THE FACTS**

13.     On or about July 27, 2000, the Township offered to Corey B. Phillips employment as an employee of the Township in the position of the Director of Golf at Jeffersonville Golf Club, which is owned and operated by West Norriton Township.

14.     On or about July 31, 2000, the offer of employment was accepted by the Plaintiff the terms and conditions of which were set forth in a letter dated July 27, 2000

4

from the Township to the Plaintiff. (A copy of the Agreement is attached hereto, marked Exhibit "A", and incorporated herein.)

15. Pursuant to the terms of the contract of employment (Exhibit "A"), the Plaintiff was employed by the Defendant on a year-to-year basis with the right of either the Plaintiff or the Defendant Township to give sixty (60) day's notice of intent not to renew the contract.

16. Pursuant to the terms of the Agreement (Exhibit "A"), the Plaintiff, in addition to other duties, was to operate the Pro Shop and to purchase the inventory for the Shop.

17. The Plaintiff began employment as Director of Golf with the Defendant Township on or about September 1, 2000.

18. On or about March 13, 2002, the Defendants, the Township and the Commissioners of the Township, through the Township Manager, Joseph J. Hein, acting on their own behalf, notified the Plaintiff in writing that his employment as Director of Golf was terminated immediately. (A copy of the "Termination Notice" of March 13, 2002 is attached hereto, marked Exhibit "B", and incorporated herein.)

19. The termination of the Plaintiff's employment was without cause and in violation of his employment contract. The Plaintiff, pursuant to the terms of his contract and description of his job duties, had fully and capably performed his duties and responsibilities of employment.

20. The Commissioners of the Township took no formal action to terminate the employment of the Plaintiff.

21. The Commissioners of the Township by private secret vote, not taken at a public meeting duly advertised pursuant to the Sunshine Law of the Commonwealth of Pennsylvania, voted to terminate the employment of the Plaintiff.

22. On or about March 13, 2002, the Plaintiff was advised by Defendant Hein that he was not permitted to return to the Jeffersonville Golf Club property for the purpose of collecting his personal property or the inventory that he had purchased and which was in the Pro Shop at the Jeffersonville Golf Club.

23. On or about March 13, 2002, at the direction of the Defendants, a uniformed, armed police officer of the Township was assigned to escort the Plaintiff to the Jeffersonville Golf Club facility in order to allow the Plaintiff to collect his personal belongings.

24. In the custody of a uniformed, armed police officer of the Township, the Township permitted Plaintiff to collect his personal belongings while a second uniformed police officer of the Township was assigned to take pictures of the Plaintiff and the personal belongings that he was removing from the Jeffersonville Golf Club facility.

25. The Plaintiff was not permitted to be outside the custody of the uniformed police officers of the Township during the entire period that he was collecting his personal belongings or on the property of the Jeffersonville Golf Club facility.

26. The Defendants did not permit the Plaintiff to remove from the Jeffersonville Golf Club Pro Shop the inventory which he had purchased and which belonged to him.

27. On or about March 13, 2002, the Defendant, Robin DeAngelis, at the direction of the other Defendants, issued a memorandum to all employees of the

Township and others, which was also posted at the Jeffersonville Golf Club facility, advising of the termination of the Plaintiff's employment and directing that the Plaintiff no longer be permitted access to any Township property, and requiring that employees notify the Police Department of West Norriton Township if the Plaintiff is seen on Township property. (A copy of the memorandum of March 13, 2002 is attached hereto, marked Exhibit "C", and incorporated herein.)

## VI.  DUE PROCESS CLAIM

**Plaintiff, Corey B. Phillips v. Township and Board of Commissioners**

28. Plaintiff incorporates herein paragraphs 1 through 27 as though set forth in full herein.

29. The Plaintiff, Corey B. Phillips, brings this cause of action for violation of his due process rights against the Defendants, West Norriton Township and the Board of Commissions of West Norriton Township, in their individual and official capacities.

30. The Plaintiff had a property interest and an expectation of continued employment with the Defendant, West Norriton Township, by reason of the terms of Employment Agreement dated July 27, 2000 (Exhibit "A").

31. The Plaintiff was terminated by the Defendants without prior notice of charges, the right to a hearing, a pre-termination hearing, an opportunity to hear witnesses and question them, and the opportunity to present a defense.

32. The failure to provide the Plaintiff with a pre-termination hearing and the manner in which he was terminated substantially damaged the Plaintiff's reputation in his profession and could cause irreparable harm to his status as a Class A PGA Golf Professional.

33. The actions of the Defendants herein also violated the Local Agency Law of the Commonwealth of Pennsylvania.

## VII. LOCAL AGENCY LAW CLAIM

**Plaintiff, Corey B. Phillips v. Township and Board of Commissioners**

34. Plaintiff incorporates herein paragraphs 1 through 33 as though set forth in full herein.

35. The actions of the Defendants herein violated the Local Agency Law of the Commonwealth of Pennsylvania for the reasons set forth above, and in addition to which, the Defendants herein failed to make an official recording of the hearing to which the Plaintiff was entitled and make formal findings of fact and conclusions of law as required by law.

## VIII. LIBERTY INTEREST CLAIM

**Plaintiff Corey B. Phillips v. Township and Board of Commissioners and Joseph J. Hein, Individually and in his Official Capacity as Township Manager of West Norriton Township and Robin DeAngelis, Individually and in her Official Capacity as Assistant Township Manager of West Norriton Township**

36. Plaintiff incorporates herein paragraphs 1 through 35 as though set forth in full herein.

37. The actions of the Defendants herein in placing the Plaintiff in the custody of uniformed police officers of the Township on or about March 13, 2002, gave the clear and distinct impression to other persons that the Plaintiff had engaged in some illegal activity, and by issuance of the memorandum of March 13, 2002 (Exhibit "C") restated and reinforced the perception that the Plaintiff had engaged in illegal activity which was confirmed by the requirement that employees notify the Police Department in the event

that the Plaintiff was on any Township property thereby giving the clear impression that this was a police matter.

38. The Plaintiff was denied his constitutional right to move about as a citizen and his liberty interest in his good name and reputation by reason of the actions of the Defendants.

39. The Defendants herein took such action in violation of the Plaintiff's rights including, but not limited to, his liberty interest as protected by the Constitution of the United States.

### IX. DEFAMATION CLAIM

**Plaintiff Corey B. Phillips v. Township and Board of Commissioners and Joseph J. Hein, Individually and in his Official Capacity as Township Manager of West Norriton Township, and Robin DeAngelis, Individually and in her Official Capacity as Assistant Township Manager of West Norriton Township**

40. Plaintiff incorporates herein paragraphs 1 through 39 as though set forth in full herein.

41. The Defendants by their actions, in placing the Plaintiff in the custody of uniformed police officers of West Norriton Township and the issuance of the memorandum of March 13, 2002 (Exhibit "C"), defamed the Plaintiff by both words and actions.

### X. CLAIM OF FALSE IMPRISONMENT

**Plaintiff Corey B. Phillips v. Township and Board of Commissioners and Joseph J. Hein, Individually and in his Official Capacity as Township Manager of West Norriton Township**

42. Plaintiff incorporates herein paragraphs 1 through 41 as though set forth in full herein.

43.  The Defendants herein, by placing the Plaintiff in the custody of uniformed police officers of the Township and by limiting his freedom of movement and confining him to certain spaces and activities, falsely imprisoned him and gave the clear impression to all the world that the Plaintiff was under arrest by the uniformed police officers of the Township.

## XI.  THE SUNSHINE LAW VIOLATION CLAIM

**Plaintiff Corey B. Phillips v. Township and Board of Commissioners and Manrico A. Troncelliti, Jr., Edward J. Bartoszek, Barbara A. Bergstrasser, George J. Stojanovich, and Michael A. Vereb, Individually and in their Official Capacity as Commissioners of West Norriton Township**

44.  Plaintiff incorporates herein paragraphs 1 through 43 as though set forth in full herein.

45.  The actions of the Defendants herein, in secretly voting to terminate the employment of the Plaintiff without public notice of a duly convened meeting of the Board of Commissioners and formal action at a public meeting of the Board of Commissioners, violated the Sunshine Law of the Commonwealth of Pennsylvania and which action was void and illegal.

## XII.  BREACH OF CONTRACT CLAIM

**Plaintiff Corey B. Phillips v. West Norriton Township and the Board of Commissioners of West Norriton Township**

46.  Plaintiff incorporates herein paragraphs 1 through 45 as though set forth in full herein.

47.  Plaintiff's contract with the Defendants herein had previously been renewed by the parties through August 30, 2002, by reason of the fact that neither the

Plaintiff nor the Defendants herein elected to terminate the contract sixty (60) days prior to August 30, 2001.

48. The Defendants herein, by terminating the contract on March 13, 2002, violated the provisions of the contract of employment with the Plaintiff.

49. The Defendants herein, by converting to their own use the inventory owned by Plaintiff without compensation, violated the contract.

### XIII. THE CONVERSION CLAIM

**Plaintiff Corey B. Phillips v. West Norriton Township and the Board of Commissioners**

50. Plaintiff incorporates herein paragraphs 1 through 49 as though set forth in full herein.

51. The Defendants herein, by reason of the confiscation, control, and transfer to their own use of the property of the Plaintiff consisting of the inventory of the Pro Shop at the Jeffersonville Golf Club, converted the property of the Plaintiff to their own use without fair and just compensation.

### XIV. CLAIM FOR AN ACCOUNTING

**Plaintiff Corey B. Phillips v. West Norriton Township and the Board of Commissioners**

52. Plaintiff incorporates herein paragraphs 1 through 51 as though set forth in full herein.

53. The Plaintiff, Corey B. Phillips, seeks an accounting from the Defendants herein for the inventory owned by him at the Jeffersonville Golf Club Pro Shop, which

was converted by the Defendants herein to their own use and for which the Plaintiff has financial obligations to suppliers and distributors.

## XV. THE INTERFERENCE WITH CONTRACT OF EMPLOYMENT CLAIM

**Plaintiff Corey B. Phillips v. Joseph J. Hein, Individually and in his Official Capacity as Township Manager of West Norriton Township**

54. Plaintiff incorporates herein paragraphs 1 through 53 as though set forth in full herein.

55. The Defendants herein, by reason of the illegal action of notifying the Plaintiff of the termination of his contract of employment without formal proceedings of the Township Commissioner, in violation of his due process rights and the Local Agency Law of the Commonwealth of Pennsylvania, interfered with his contractual rights with the Defendant.

## XVI. SUBSTANTIVE DUE PROCESS/ABUSE OF POLICE POWER CLAIM

**Plaintiff Corey B. Phillips v. Township and Board of Commissioners and Joseph J. Hein, Individually and in his Official Capacity as Township Manager of West Norriton Township and Robin DeAngelis, Individually and in her Official Capacity as Assistant Township Manager of West Norriton Township**

56. Plaintiff incorporates herein paragraphs 1 through 55 as though set forth in full herein.

57. Defendants herein controlled the West Norriton Township police force during this time.

58. The Defendants, with the intent and purpose of humiliating and embarrassing the Plaintiff, directed an armed, uniformed West Norriton Township police officer to maintain the Plaintiff in his custody while on the grounds at the Jeffersonville

Golf Club. The Plaintiff was not permitted to retrieve his personal belongings unless he was in the custody of the West Norriton Township police officer at the direction of the Defendants.

59. Plaintiff was not permitted to retrieve his inventory from the Pro Shop from which he had purchased and which property the Defendant Township has taken from the Plaintiff without fair compensation.

60. At the direction of the Defendants, an additional armed, uniformed West Norriton Township police officer filmed his personal belongings that he retrieved from the Pro Shop.

61. Defendants' actions were the direct cause of the Plaintiff's humiliation, intimidation, indignation, frustration, helplessness, and embarrassment.

62. The Defendants were responsible for directing the police officers to maintain the Plaintiff in their custody while at the golf course.

63. The Plaintiff did not violate any local ordinances, statutes, or laws of the Commonwealth of Pennsylvania. The use of police power in this instance was unlawful and a violation of the Plaintiff's civil rights pursuant to 42 U.S.C. §1983, the Pennsylvania Constitution, and the United States Constitution.

64. Defendants, Hein and DeAngelis, who directed the West Norriton Township police officers, were acting either as individuals, or in the alternative, in their official capacities under the color and pretense that the statutes, ordinances, regulations, customs, and usages of the Defendants, West Norriton Township and the Commonwealth of Pennsylvania.

## XVII. <u>MENTAL ANGUISH, HUMILIATION, EMBARRASSMENT, PAIN AND SUFFERING</u>

65. Plaintiff incorporates herein paragraphs 1 through 64 as though set forth in full herein.

66. The actions of the Defendants in violation of his Constitutional rights, defamation and false imprisonment have caused Plaintiff, Corey B. Phillips, great mental anguish, humiliation, embarrassment, pain and suffering which is continuing in nature.

## XVIII. <u>LOSS OF CONSORTIUM CLAIM</u>

**Alicia S. Phillips, Wife of Corey B. Phillips v. Township, Board of Commissioners and Manrico A. Troncelliti, Jr., Edward J. Bartoszek, Barbara A. Bergstrasser, George J. Stojanovich, and Michael A. Vereb, Individually and in Their Official Capacity as Supervisors of West Norriton Township**

67. Plaintiff incorporates herein paragraphs 1 through 66 as though set forth in full herein.

68. The actions of the Defendants herein interfered with the relationship and between the Plaintiff herein and Corey B. Phillips, her husband.

69. As a direct and proximate result of the wrongful conduct of Defendants, Plaintiff, Alicia S. Phillips, has suffered, and may in the future suffer, the loss of companionship, consortium, guidance, love, comfort, and services of her husband, Corey B. Phillips.

WHEREFORE, the Plaintiff, Corey B. Phillips', claims against the Defendants actual damages, compensatory damages, back pay, front pay, loss of benefits, reinstatement, punitive damages, fines and penalties for violation of laws, counsel fees, interest and costs, all in excess of One Hundred Thousand ($100,000.00) Dollars, order

the Defendants to account for the inventory of the Plaintiff, Corey B. Phillips, and the Plaintiff, Alicia S. Phillips, wife of Corey B. Phillips, claims damages against the Defendants for loss of consortium.

    Respectfully submitted,

    LAW OFFICE OF LEO A. HACKETT

    BY:_____
        LEO A. HACKETT, ESQUIRE
        Attorney I. D. No. 08936
        300 West State Street, Suite 301
        Media, PA 19063
        (610) 565-7700
        Attorney for Plaintiffs

    LAW OFFICE OF GEORGE P. NOEL

    BY:_____
        George P. Noel, Esquire
        Attorney I. D. No. 08982
        25 E. Second Street
        P.O. Box 1590
        Media, PA 19063
        (610) 892-7700
        Attorney for Plaintiffs