IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COREY B. PHILLIPS and ALICIA S. PHILLIPS | : | |
| | : | CIVIL ACTION #02-3749 |
| PLAINTIFFS | : | |
| | : | |
| vs. | : | JURY TRIAL DEMANDED |
| | : | |
| WEST NORRITION TOWNSHIP | : | |
| MANRICO A. TRONCELLITI, JR. | : | |
| EDWARD J. BARTOSZEK | : | |
| BARBARA A. BERGSTRASSER | : | |
| GEORGE J. STOJKANOVICH | : | |
| MICHAEL A. VEREB, INDIVIDUALLY AND | : | |
| IN THEIR OFFICIAL CAPACITY AS | : | |
| COMMISSIONERS  OF WEST NORRITON | : | |
| TOWNSHIP, THE BOARD OF | : | |
| COMMISSIONERS OF WEST NORRITON | : | |
| TOWNSHIP, JOSEPH J. HEIN, INDIVIDUALLY | : | |
| AND IN HIS OFFICAL CAPACITY AS | : | |
| TOWNSHIP MANAGER OF WEST NORRITON | | |
| TOWNSHIP, ROBIN DEANGELIS, | : | |
| INDIVIDUALLY AND IN  HER OFFICIAL | : | |
| CAPACITY AS ASSISTANT TOWNSHIP | : | |
| MANAGER OF WEST NORRITON  TOWNSHIP | : | |
| DEFENDANTS | | |

**MEMORANDUM OF LAW OF DEFENDANTS IN SUPPORT
OF DEFENDANTS' MOTION FOR A PARTIAL DISMISSAL
UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

**I.   FACTS**

On or about September 1, 2000, Plaintiff began his employment with West Norriton Township as the Director of Golf.  (¶17 of Plaintiffs' Complaint)  Plaintiff continued in this capacity until March 13, 2002 when his employment was terminated. (¶18 of Plaintiffs' Complaint).  On or about July 31, 2000 Plaintiff and the Township Manager, Joseph J. Hein, signed a document setting forth a description of the position and the terms of the offer.  (See Exhibit "A" to Plaintiffs' Complaint).  Plaintiff received notification of the termination of his employment by letter dated March 13, 2002 from the Township Manager. (See Exhibit "B" to Plaintiffs' Complaint).  The letter of March 13, 2002 sets forth the basis for the immediate termination of Plaintiff's employment. As noted therein, Plaintiff was dismissed for cause which is delineated in the letter of

termination which is incorporated in Plaintiffs' Complaint.

## II.   APPLICABLE STANDARD PURSUANT TO F.R.C.P. 12(b)(6)

The Federal Rules of Civil Procedure provide the right to dismiss for failure of the pleading to "…state a claim upon which relief can be granted…" F.R.C.P. 12(b)(6). The purpose of a Motion to Dismiss pursuant to the aforesaid Rule is to test the legal sufficiency of Plaintiff's Complaint. <u>Sturm vs. Clark</u>, 835 F.2d 1009, 1011 (3rd Cir 1987). In determining whether to grant a Motion to Dismiss under this Rule, the court must accept "as true the facts alleged in the Complaint and all reasonable inferences that can be drawn from them." <u>Unger vs. National Residence Matching Program</u>, 928 F.2d 1392, 1394-95 (3rd Cir. 1991).

The Complaint in an action brought pursuant to 42 U.S.C. §1983 must contain a modicum of specificity, identifying particular conduct of the Defendant that is alleged to have harmed the Plaintiff. <u>Ross vs. Meagan</u>, 638 F.2d 646, 650 (3rd Cir. 1981). While the Court will accept well pleaded allegations as true for the purpose of the Motion "a Court need not credit a Complaint's bald assertions or legal conclusions when deciding a Motion to Dismiss." <u>Morse vs. Lower Merion School District</u>, 132 F.3d 902, 906 (3rd Cir. 1987). (citations omitted). Accordingly, in ruling upon a Motion under F.R.C.P. 12(b)(6), the Courts consistently reject "legal conclusions", "unsupported conclusions", "unwarranted inferences", "unwarranted deductions", or "sweeping legal conclusions cast in the form of factual allegations." Id. at 906(n)(8) (citing in support <u>Charles Allen Wright and Arthur R. Miller</u>, Federal Practice and Procedures §1357 (2nd Edition 1997).

## III.   ARGUMENT

**A.   Plaintiff's Claims For Relief Under The Pennsylvania Sunshine Law And Local Agency Law Fail To State Claims Upon Which Relief Can Be Granted.**

Plaintiff alleges that his termination violated the Sunshine Law since voting was done in secret to terminate his employment "without public notice of a duly convened meeting of the Board of Commissioners and formal action at a public meeting of the Board of Commissioners,…" (¶45 of Plaintiffs' Complaint). However, under the "Sunshine Law" of the Commonwealth of Pennsylvania a local agency is exempt from

handling personnel matters in public meetings. 65 Pa. C.S. §708. Pursuant to 65 Pa. C.S. §703 an "Executive session" is "a meeting from which the public is excluded, although the agency may admit those persons necessary to carryout the purpose of the meeting." 65 Pa. C.S. §708 states in pertinent part as follows:

    (a)    Purpose.-An agency may hold an executive session for one or more of the following reasons:

    (1)    to discuss any matter involving the employment, appointment, termination of employment, terms and conditions of employment, evaluation of performance, promotion or discipling of any specific prospective public officer or employee or current public officer or employee employed or appointed by the agency,…, provided, however, that the individual employees or appointees whose rights could be adversely affected may request, in writing, that the matter or matters be discussed at an open meeting.

Clearly, West Norriton Township had the right to conduct its personnel matters in private and Plaintiffs' Complaint fails to set forth that Plaintiff ever requested, in writing, that the matter be discussed at an open meeting. Accordingly, Plaintiffs' Complaint fails to state a claim for violation of the Pennsylvania Sunshine Law.

Similarly, Plaintiff's claims of violation of the Local Agency law are without merit. Plaintiff does not identify any portion of said law which gives rise to a cause of action. The Courts of this Commonwealth have held that a violation of a statue gives rise to a private right of action if it meets the following criteria:

    (1)    whether the complaining party was among the class for whose special benefit the statute was enacted;

    (2)    whether there is an indication of legislative intent, explicit or implicit, either to create such a remedy or to deny it; and,

    (3)    whether such a remedy is consistent with the underlying purposes of the legislative scheme to apply such a remedy.

D'Errico vs. DeFazio, 763 A.2d 424 (Pa. Super. 2000) citing Alfred M. Lutheran Distributors vs. Weilersbacher, Inc., 650 A.2d 83, 87 (Pa. Super. 1994), appeal denied, 658 A.2d 791 (1994).

Plaintiffs do not point to any provision of the Local Agency Law which sets forth an indication of any legislative intent to create a civil right of recovery for alleged violations therein. Accordingly, Plaintiff's claims for violation of the Local Agency Law should be dismissed.

**B.     Plaintiff's Claims Of Breach Of Contract and Interference With A Contract Of Employment Fail To State A Claim Upon Which Relief Can Be Granted.**

The law of the Commonwealth of Pennsylvania makes it very clear that a local agency such as West Norriton Township does not have the authority under law to enter into contracts of employment that may contract away the right of summary dismissal unless said power is expressly set forth by the legislature. Stumpp vs Stroudsburg and Municipal Authority, 540 Pa. 391, 394, 658 A.2d 333, 334 (1995); citing Scott vs. Philadelphia Parking Authority, 402 Pa. 151, 166 A.2d 278 (1960).  The Stumpp Court quoting Scott stated:

> Without more, an appointed public employee takes his job subject to the possibility of summary removal by the employing authority.  He is essentially an employee at will…
>
> Tenure in public employment, in the sense of having a claim to employment which precludes dismissal on a summary basis is, where it exist, a matter of legislative grace…
>
> Where the legislature has intended that tenure should attach to public employment it has been very explicit in so stating…

It becomes abundantly clear that the letter of July 27, 2000, attached to Plaintiffs' Complaint as Exhibit "A", does not contract away the right of the Township to dismiss the Plaintiff with or without cause or notice since the letter does not constitute an employment contract.

Plaintiff was not protected by the Civil Service Act nor was he subject to any Collective Bargaining Agreement.  Accordingly, he had no greater or lesser rights than any other employee at will and was subject to summary dismissal.

In Shoemaker vs. City of Lock Haven, 906 F. Supp. 230 (M.D. Pa. 1995) the Court held that the legislature did not confer upon this third class city the authority to retain the services of the police chief for a time certain and, therefore, the employment contract limiting the City's right to summarily dismiss the chief was void. The Court determined that the City of Lock Haven "…acted beyond its power by contractually limiting its right to summarily terminate Plaintiff's employment as Chief of Police.  Because it was **ultra**

**vires**, the employment agreement was void and unenforceable from the outset and cannot serve to confer on Plaintiff a property interest in continuing employment as Chief of Police." 906 F. Supp. 236.

See also <u>Bolduc vs. Board of Supervisors of Lower Paxton Township</u>, 152 Pa. Cmwlth. 248, 618 A.2d 1188 (1992), appeal denied, 533 Pa. 662, 625 A.2d 1195 (1993) where the Court found that absent legislative authority a promise of employment for a public employee for a definite period of time is unenforceable.

Accordingly, it is very clear that any provision in the contract between the Plaintiff and the Defendant which provided the Plaintiff with a definite term of employment or notice requirements prior to termination is unenforceable as void. Therefore, Plaintiff's contract action and, necessarily, Plaintiff's allegations of interference with a contract of employment fail to state a claim upon which relief can be granted.

**C.    Plaintiff's Complaint Failed To Set Forth A Viable Claim For A Violation Of His Due Process And Liberty Interest Rights.**

Plaintiff presents both a procedural and substantive due process claim in his Complaint. Plaintiff's procedural due process claim alleges that he had the right to a hearing including a pre-termination hearing and an opportunity to hear witnesses, question them and present a defense. Plaintiff's argument is premised upon the argument that he had a "property interest and an expectation of continued employment." (¶30 of Plaintiffs' Complaint). It is now clearly established that he had no such property interest or expectation of continued employment since the contract upon which he relies is void and unenforceable. See <u>Stumpp</u>, <u>Bolduc</u>, and <u>Shoemaker</u>, supra.

To state a valid claim under the due process clause, Plaintiff must establish that he has been deprived by the Defendants of a property interest encompassed by the Fourteenth Amendment. <u>Midnight Sessions, Ltd. vs. City of Philadelphia</u>, 945 F.2d 667, 678 (3rd Cir. 1991) citing <u>Board of Regents vs. Roth</u>, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709 (1972). In order to have a protected property interest, Plaintiff "…must have more than an abstract need or desire for it…he must have a legitimate claim of entitlement to it." <u>Board of Regents vs. Roth</u>, 408 U.S. 564, 577 (1972). The Supreme Court has limited the circumstances under which

public employment qualifies for constitutional due process protection based upon deprivation of a property interest and a Court must look to state law to determine whether or not the employee had a property interest. In this case, Plaintiff relies upon Exhibit "A" as his contract of employment providing the property interest. However, it is now abundantly clear that the Township had no authority to contract away its right to summarily dismiss the Plaintiff and, therefore, any such provisions in Exhibit "A" necessarily void it and make it unenforceable. Accordingly, Plaintiff does not have a protected property interest which would give rise to a due process claim. Similarly, as the Court noted in Shoemaker, supra., any local agency law claim would be contingent on establishing a property interest, and without same, claims under the Local Agency law must also fail.  citing Ditzler appeal, 63 Pa. Cmwlth. 233, 437 A.2d 1071 (1981).

In Pennsylvania, employment relationships are presumed to be "at will" and subject to summary dismissal at any time for any reason or for no reason at all.  Darlington vs. General Electric, 504 A.2d 306, 309 (Pa. Super. 1986). Accordingly, Plaintiff did not have a protected property interest in his employment with West Norriton Township and, therefore, his termination did not violate his procedural due process rights.

Plaintiff claims that his liberty interest and substantive due process rights were violated when he was accompanied by two West Norriton Township Police Officers while removing personal good from the golf course. This claim must also fail since Plaintiffs' Complaint fails to establish the necessary elements of a substantive due process claim. To prevail on such a claim, "…a Plaintiff must demonstrate that an arbitrary and capricious act deprived him of a protected property interest."  Taylor Investment, Ltd. vs. Upper Darby Township, 983 F.2d 1285, 1292 (3rd Cir. 1993).  Plaintiffs' Complaint clearly establishes the basis for Plaintiff's dismissal wherein it incorporates Exhibit "B", the letter of March 13, 2002 wherein the Township Manager advised the Plaintiff that he was being terminated effective immediately and this letter set forth particular reasons for the termination.  Among the reasons cited in Exhibit "B" include Plaintiff's failure to reconcile incorrect cash register reports for several months (4); Plaintiff's changing of the locks on the Pro Shop without notifying the Township and failing to provide the Township with a key when requested (5); and failing to provide the Township with a list of inventory on the premises (6).  Under these circumstances, it can

hardly be said that the Township's action in having the Plaintiff escorted by police officers in and out of the premises was arbitrary and capricious. Clearly, the Township has not only a right but a duty to protect its property interests and that is precisely what it was doing under these circumstances. A fair reading of Plaintiffs' Complaint makes it clear that he was not actually in custody and, instead, that he was merely accompanied by police officers. Under the circumstances noted in Exhibit "B" to Plaintiffs' Complaint, the Defendants had a legitimate obligation to further protect its property and the use of police officers to accompany and observe the Plaintiff while he was removing his personal goods does not violate Plaintiff's substantive due process rights.

This Court addressed the substantive due process/liberty interest claim in <u>Ersek vs. Township of Springfield</u>, 1995 W.L. 574329 (E.D. Pa.) wherein it held that:

> A government employees liberty interest in his reputation is not abridged when he is relieved of some of his duties, reassigned to less attractive work, suspended from his job, or even when the state violates the terms of an employment contract for which that employee has a remedy in state court. (at *4).

The Court went onto note that defamatory statements by state officials may be actionable under state law but they are not constitutional violations. (at *4). In <u>D'Errico</u>, supra., the Superior Court specifically determined that a County Sheriff was not liable for defamation when he ordered two deputies to be present while terminated employees gathered their belongings. The Court noted that this conduct, without more, was not defamatory in character. 763 A.2d at 433.

Under the circumstances described in Plaintiffs' Complaint, Plaintiff has failed to set forth a valid claim of a protected liberty interest and, therefore, this cause of action must also be dismissed.

**D.    Plaintiffs' Complaint Does Not State A Valid Claim For Punitive Damages Against The Municipality or the Individual Defendants Acting In Their Official Capacity.**

In addition to compensatory damages, Plaintiff seeks punitive damages against all parties in this action. Plaintiff has sued individuals in their official and individual capacity and does not distinguish his demand for punitive damages with respect to the capacity of these individuals. Punitive damages may not be awarded against municipal bodies under 42 U.S.C. §1983. <u>City of Newport vs. Fact Concerts</u>, 101 S.Ct. 2748

7

(1981). The Supreme Court recognizes that a suit against individual Defendants in their official capacities is the equivalent of a suit against a municipality and, as such, the individual Defendants are immune from punitive damages for actions taken in their official capacity. Kentucky vs. Graham, 105 S.Ct. 3099 (1985).

The same result follows under any state law claims presented by the Plaintiff. The municipality and the individuals acting in their official capacity are immune from punitive damages. Marko vs. City of Philadelphia, 576 A.2d 1193, 1194 (Pa. Cmwlth. 1990). Therefore, Plaintiff's undifferentiated claims for punitive damages against West Norriton Township and the individual Defendants in their official capacity must be dismissed.

## IV.    CONCLUSION

For the reasons set forth above, the Defendants respectfully request that this Court dismiss Plaintiff's claims for procedural and substantive due process violations, Plaintiff's breach of contract claim, Plaintiff's allegation of interference with an employment contract claim and Plaintiff's claims of violations of the Sunshine Law, the Local Agency Law and the First Class Township Code, to the extent that same are set forth. Moreover, Plaintiff's claims of punitive damages against the municipality and the individual Defendants in their official capacity should likewise be dismissed.

Respectfully Submitted,

**HOLSTEN & ASSOCIATES**

**ROBERT P. DIDOMENICIS, ESQUIRE**
One Olive Street
Media, PA 19063
I.D. #30482
610-627-2437
Attorney for Defendants