# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COREY B. PHILLIPS and ALICIA S. PHILLIPS, his wife | CIVIL ACTION |
| Plaintiffs | NO. 02-3749 |
| v. | |
| WEST NORRITON TOWNSHIP and MANRICO A. TRONCELLITI, JR. and EDWARD J. BARTOSZEK and BARBARA A. BERGSTRASSER and GEORGE J. STOJANOVICH and MICHAEL A. VEREB, Individually and in their Official Capacity as Commissioners of West Norriton Township and THE BOARD OF COMMISSIONERS OF WEST NORRITON TOWNSHIP and JOSEPH J. HEIN, Individually and in his Official Capacity as Township Manager of West Norriton Township and ROBIN DeANGELIS, Individually and in her Official Capacity as Assistant Township Manager of West Norriton Township | JURY TRIAL DEMANDED |
| Defendants | |

**Plaintiffs' Motion to Amend Complaint Pursuant to**
**Federal Rule of Civil Procedure 15(a)**

Plaintiffs', by and through their counsel, Leo A. Hackett, Esquire, file this Motion to Amend Plaintiffs' Complaint and in support thereof aver as follows:

1. Plaintiffs, Corey B. Phillips and Alicia S. Phillips, filed a complaint on June 13, 2002 in the United States District Court for the Eastern District of Pennsylvania under Civil Action No. 02-CV-3749.

2. Attached as Exhibit "A" to Plaintiffs' Complaint was the contract between Corey Phillips and West Norriton Township for the position of Director of Golf at Jeffersonville Golf Club.

3. On August 16, 2002, Defendants filed a Motion Pursuant to Federal Rule of Civil Procedure 12(b)(6) for Partial Dismissal of Plaintiffs' Complaint.

4, In Defendants Memorandum of Law attached to its Motion, Defendants assert that Defendants did not have authority under the law to enter into an employment contract which would contract away the Township's right to summary dismissal. (See Section B of Defendants' Memorandum).

5. Defendants were on notice at the time of the filing of Complaint that Plaintiff, Corey Phillips, asserted that he had a contract with Defendant, West Norriton Township.

6. An Analysis of the job duties assigned to Plaintiff indicate that he was an independent contractor although the letter agreement, Exhibit "A" refers to him as a "probationary employee".

7. Federal Rule of Civil Procedure 15(a) permits amendments to pleadings by leave of court, with written consent of the adverse parties, or when justice requires.

8. Plaintiff requests leave from this honorable Court to amend Plaintiffs' Complaint to include his status as an independent contractor as indicated in Exhibit "A", Plaintiffs' Proposed Amended Complaint.

Wherefore, Plaintiffs respectfully request this Court to enter an order permitting the Amended Complaint to be filed with this Court in accordance with the rules of Civil Procedures.

Respectfully submitted,

LAW OFFICE OF LEO A. HACKETT

BY:_____
      LEO A. HACKETT, ESQUIRE
      Attorney I. D. No. 08936
      300 West State Street, Suite 301
      Media, PA 19063
      (610) 565-7700
      Attorney for Plaintiffs

LAW OFFICE OF GEORGE P. NOEL