IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **COREY B. PHILLIPS and ALICIA S. PHILLIPS** | : | **CIVIL ACTION #02-3749** |
| **PLAINTIFFS** | : | |
| | : | |
| vs. | : | **JURY TRIAL DEMANDED** |
| | : | |
| **WEST NORRITION TOWNSHIP** | : | |
| **MANRICO A. TRONCELLITI, JR.** | : | |
| **EDWARD J. BARTOSZEK** | : | |
| **BARBARA A. BERGSTRASSER** | : | |
| **GEORGE J. STOJKANOVICH** | : | |
| **MICHAEL A. VEREB, INDIVIDUALLY AND IN** | : | |
| **THEIR OFFICIAL CAPACITY AS COMMISSIONERS** | | |
| **OF WEST NORRITON TOWNSHIP** | : | |
| **THE BOARD OF COMMISSIONERS OF WEST** | : | |
| **NORRITON TOWNSHIP** | : | |
| **JOSEPH J. HEIN, INDIVIDUALLY AND IN HIS** | : | |
| **OFFICAL CAPACITY AS TOWNSHIP MANAGER** | : | |
| **OF WEST NORRITON TOWNSHIP** | : | |
| **ROBIN DEANGELIS, INDIVIDUALLY AND IN** | : | |
| **HER OFFICIAL CAPACITY AS ASSISTANT** | : | |
| **TOWNSHIP MANAGER OF WEST NORRITON** | : | |
| **TOWNSHIP** | : | |
| **DEFENDANTS** | : | |

## ORDER

**AND NOW**, this          day of                    , 2002, upon consideration of Plaintiffs' Motion to Amend the Complaint pursuant to F.R.C.P. 15(a) and Defendants' Response thereto, it is hereby

**ORDERED** and **DCREED** that:

Plaintiffs' Motion to Amend the Complaint is **DENIED.**

**BY THE COURT:**

_____
Anita B. Brody                               J

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **COREY B. PHILLIPS and ALICIA S. PHILLIPS** : | **CIVIL ACTION #02-3749** |
| **PLAINTIFFS** : | |
| : | |
| vs. : | **JURY TRIAL DEMANDED** |
| : | |
| **WEST NORRITION TOWNSHIP** : | |
| **MANRICO A. TRONCELLITI, JR.** : | |
| **EDWARD J. BARTOSZEK** : | |
| **BARBARA A. BERGSTRASSER** : | |
| **GEORGE J. STOJKANOVICH** : | |
| **MICHAEL A. VEREB, INDIVIDUALLY AND IN** : | |
| **THEIR OFFICIAL CAPACITY AS COMMISSIONERS** | |
| **OF WEST NORRITON TOWNSHIP** : | |
| **THE BOARD OF COMMISSIONERS OF WEST** : | |
| **NORRITON TOWNSHIP** : | |
| **JOSEPH J. HEIN, INDIVIDUALLY AND IN HIS** : | |
| **OFFICAL CAPACITY AS TOWNSHIP MANAGER** : | |
| **OF WEST NORRITON TOWNSHIP** : | |
| **ROBIN DEANGELIS, INDIVIDUALLY AND IN** : | |
| **HER OFFICIAL CAPACITY AS ASSISTANT** : | |
| **TOWNSHIP MANAGER OF WEST NORRITON** : | |
| **TOWNSHIP** : | |
| **DEFENDANTS** : | |

**DEFENDANTS' ANSWER TO PLAINTIFFS' MOTION**
**TO AMEND THE COMPLAINT**

1.   Admitted.

2.   Denied as stated.  Exhibit "A" to Plaintiffs' Complaint was a letter from the Township Manager to the Plaintiff setting forth the terms of his employment.  Therefore, said averments are denied and strict proof is demanded.

3.   Admitted.

4.   Admitted.

5.   Denied.  Defendants did not have the authority under law to enter into a contract, therefore, the averments of paragraph 5 are denied and strict proof is demanded.

6.   Denied.  It is specifically denied that the letter set forth as Exhibit "A" establishes that Plaintiff was an independent contractor rather than an employee.  Therefore, strict proof is demanded.

7.  Denied. The averments of paragraph 7 are denied as conclusions of law. Federal Rule of Civil Procedure 15(a) speaks for itself.

8.  Denied. It is specifically denied that Plaintiff was an independent contractor and, therefore, Plaintiffs' Motion to Amend the Complaint should be denied.

**WHEREFORE**, Defendants respectfully request that Plaintiffs' Motion to Amend the Complaint be denied.

Respectfully Submitted,

**HOLSTEN & ASSOCIATES**


_____
**ROBERT P. DIDOMENICIS, ESQUIRE**
One Olive Street
Media, PA 19063
I.D. #30482
610-627-2437
Attorney for Defendants

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **COREY B. PHILLIPS and ALICIA S. PHILLIPS** | : | **CIVIL ACTION #02-3749** |
| **PLAINTIFFS** | : | |
| | : | |
| vs. | : | **JURY TRIAL DEMANDED** |
| | : | |
| **WEST NORRITION TOWNSHIP** | : | |
| **MANRICO A. TRONCELLITI, JR.** | : | |
| **EDWARD J. BARTOSZEK** | : | |
| **BARBARA A. BERGSTRASSER** | : | |
| **GEORGE J. STOJKANOVICH** | : | |
| **MICHAEL A. VEREB, INDIVIDUALLY AND IN** | : | |
| **THEIR OFFICIAL CAPACITY AS COMMISSIONERS** | | |
| **OF WEST NORRITON TOWNSHIP** | : | |
| **THE BOARD OF COMMISSIONERS OF WEST** | : | |
| **NORRITON TOWNSHIP** | : | |
| **JOSEPH J. HEIN, INDIVIDUALLY AND IN HIS** | : | |
| **OFFICAL CAPACITY AS TOWNSHIP MANAGER** | : | |
| **OF WEST NORRITON TOWNSHIP** | : | |
| **ROBIN DEANGELIS, INDIVIDUALLY AND IN** | : | |
| **HER OFFICIAL CAPACITY AS ASSISTANT** | : | |
| **TOWNSHIP MANAGER OF WEST NORRITON** | : | |
| **TOWNSHIP** | : | |
| **DEFENDANTS** | | |

**DEFENDANTS' MEMORANDUM OF LAW**
**IN SUPPORT OF ITS OPPOSITION TO PLAINTIFFS'**
**MOTION TO AMEND THE COMPLAINT**

**I.   ARGUMENT**

Defendants do not dispute that the Federal Rules of Civil Procedure provide the Trial Court with discretion to grant or deny a Motion to Amend. Coventry vs. U.S. Steel Corp., 856 F.2d 514, 519 (3rd Cir. 1988). Generally, requests for amendment are liberally granted and denied only where there is undue delay, bad faith or prejudice to the non-moving party. Phoenix Technologies, Inc. vs. TRW, Inc., 154 FRD 122, 123 (E.D. Pa. 1994). Plaintiffs attempt to change his status from employee to independent contractor is made only as a result of Defendants' Motion to Dismiss where it is clear that Plaintiff was an employee subject to summary dismissal. The very letter upon which Plaintiff relied upon to establish his employment with the Township he now seeks to assert as a contract providing independent contractor's status. Yet, a review of that letter (the letter of July 27, 2000 attached as an Exhibit to Plaintiffs' Complaint) clearly provides that the

Plaintiff is being hired in an employee status. The fact that his duties, responsibilities and rights are spelled out therein do not provide him with status akin to an independent contractor. A review of sections 1, 2 and 3 of the letter reveal that Plaintiff is clearly an employee. He must still respond and report to the Board of Supervisors, he receives health benefits just as any other employee and he receives a salary. Accordingly, Plaintiffs' attempt to Amend his Complaint to change his status should be denied as it is clear, on its face, that Plaintiff was an employee. Where it is clear that amendment is futile or will not withstand a Motion to Dismiss, the Court can exercise its discretion and refuse to grant the amendment. <u>Williams vs. Philadelphia Housing Authority</u>, 826 F. Supp. 952 (E.D. Pa. 1993).

## II.    CONCLUSION

For the above reasons, Defendants respectfully request that Plaintiffs' Motion to Amend the Complaint be denied.

Respectfully Submitted,

**HOLSTEN & ASSOCIATES**

**ROBERT P. DIDOMENICIS, ESQUIRE**
One Olive Street
Media, PA 19063
I.D. #30482
610-627-2437
Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **COREY B. PHILLIPS and ALICIA S. PHILLIPS** | : | **CIVIL ACTION #02-3749** |
| **PLAINTIFFS** | : | |
| | : | |
| vs. | : | **JURY TRIAL DEMANDED** |
| | : | |
| **WEST NORRITION TOWNSHIP** | : | |
| **MANRICO A. TRONCELLITI, JR.** | : | |
| **EDWARD J. BARTOSZEK** | : | |
| **BARBARA A. BERGSTRASSER** | : | |
| **GEORGE J. STOJKANOVICH** | : | |
| **MICHAEL A. VEREB, INDIVIDUALLY AND IN** | : | |
| **THEIR OFFICIAL CAPACITY AS COMMISSIONERS** | | |
| **OF WEST NORRITON TOWNSHIP** | : | |
| **THE BOARD OF COMMISSIONERS OF WEST** | : | |
| **NORRITON TOWNSHIP** | : | |
| **JOSEPH J. HEIN, INDIVIDUALLY AND IN HIS** | : | |
| **OFFICAL CAPACITY AS TOWNSHIP MANAGER** | : | |
| **OF WEST NORRITON TOWNSHIP** | : | |
| **ROBIN DEANGELIS, INDIVIDUALLY AND IN** | : | |
| **HER OFFICIAL CAPACITY AS ASSISTANT** | : | |
| **TOWNSHIP MANAGER OF WEST NORRITON** | : | |
| **TOWNSHIP** | : | |
| **DEFENDANTS** | : | |

## CERTIFICATE OF SERVICE

I, Robert P. DiDomenicis, Esquire, attorney for the Defendants in the above matter hereby certify that a true and correct copy of the Defendants' Answer to Plaintiffs' Motion to Amend the Complaint along with accompanying Memorandum of Law was filed by Electronic Case Filing and will be sent by first class mail on the date listed below to the following in the event that they are not participants in the ECF system:

Leo Hackett, Esquire
300 West State Street, Suite 301
Media, PA 19063

George P. Noel, Esquire
25 east Second Street
P.O. Box 1590
Media, PA 19063

Respectfully Submitted,
**HOLSTEN & ASSOCIATES**

BY: _____
**ROBERT P. DIDOMENICIS, ESQUIRE**
One Olive Street
Media, PA 19063
I.D. #30482
610-627-2437
Attorney for Defendants

Date:_____