IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COREY B. PHILLIPS and | : | |
| ALICIA S. PHILLIPS | : | CIVIL ACTION #02-3749 |
|     PLAINTIFFS | : | |
| | : | |
| vs. | : | JURY TRIAL DEMANDED |
| | : | |
| WEST NORRITION TOWNSHIP | : | |
| MANRICO A. TRONCELLITI, JR. | : | |
| EDWARD J. BARTOSZEK | : | |
| BARBARA A. BERGSTRASSER | : | |
| GEORGE J. STOJKANOVICH | : | |
| MICHAEL A. VEREB, INDIVIDUALLY AND IN | : | |
| THEIR OFFICIAL CAPACITY AS COMMISSIONERS | | |
| OF WEST NORRITON TOWNSHIP | : | |
| THE BOARD OF COMMISSIONERS OF WEST | : | |
| NORRITON TOWNSHIP | : | |
| JOSEPH J. HEIN, INDIVIDUALLY AND IN HIS | : | |
| OFFICAL CAPACITY AS TOWNSHIP MANAGER | : | |
| OF WEST NORRITON TOWNSHIP | : | |
| ROBIN DEANGELIS, INDIVIDUALLY AND IN | : | |
| HER OFFICIAL CAPACITY AS ASSISTANT | : | |
| TOWNSHIP MANAGER OF WEST NORRITON | : | |
| TOWNSHIP | : | |
|     DEFENDANTS | : | |

**REPLY MEMORANDUM OF DEFENDANTS
TO PLAINTIFFS' MEMORANDUM OF LAW IN
OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL DISMISSAL**

With permission of the Court, the Defendants herein respond to Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion for Partial Dismissal addressing the issues set forth below.

**I.    ARGUMENT**

    **A.    Whether Plaintiff is An Employee Or Independent Contractor?**

Plaintiffs argue that Defendants' Motion to Dismiss should fail since it is grounded on the assumption that Plaintiff is an employee (as Plaintiff clearly identified himself in his Complaint)

rather than an independent contractor (a status which Plaintiff now seeks by filing a Motion to Amend the Complaint).  In pressing his argument, Plaintiff relies upon <u>Crimmins vs. Commonwealth of Pennsylvania, Public School Employees Retirement Board</u>, 685 A.2d 232 (Pa. Cmwlth. 1996) for the proposition that he is an independent contractor not an employee and, therefore, he is not subject to at will termination.  However, there are several important factors which distinguish <u>Crimmins</u> from the case at bar. As the Court notes, in <u>Crimmins</u>, the record was unclear as to whether or not the Plaintiff was an elected or appointed official. If an elected official clearly <u>Crimmins</u> would not be subject to at will termination.  <u>Crimmins</u>, 685 A.2d 237.  On the other hand, Plaintiff in the case before this Court is clearly not an elected official.  The Court in <u>Crimmins</u> also noted many factors which weighed in favor of <u>Crimmins</u> being an independent contractor rather than an employee.  Such factors do not exist in this case.  For instance, Mr. Phillips was provided with benefits from the Township while the Plaintiff in <u>Crimmins</u> was not.  Similarly, <u>Crimmins</u> did not work on School District property while the Plaintiff in the case at bar performs all of his work on Township property.  There was no job description nor any records required to be kept with respect to <u>Crimmins</u> while Mr. Phillips was subject not only to the requirement that he keep various records but also his duties and responsibilities were spelled out by the Township in the letter offering him employment.  Accordingly, the <u>Crimmins</u> case will not provide Plaintiff with the support he requires to change his status from employee to independent contractor.

The letter providing employment to the Plaintiff set forth his responsibilities in section 1. It included his cooperation with other directors within the Township including those for Parks and Recreation, the Restaurant and Banquet Manager and the Greenskeeper.  It required that he provide an annual budget and it allowed him to hire and fire in order to operate the golf course "in a fashion consistent with the overall policy developed by the Board of Commissioners and yourself."  He was

required to attend Township meetings as deemed appropriate by the Board of Commissioners in addition to the other responsibilities.

Section 2 of that letter provided an annual salary as well as benefits which included medical and life insurance. It noted further that the "additional personnel necessary to operate the golf operations" would be the "responsibility of the Township." Finally, in Section 3 it indicates that the Plaintiff is to be treated as a "probationary employee" for six months to fulfill Township requirement which is the same for all Township employees. For these reasons, Plaintiff's attempt to change his status from an employee to that of an independent contractor must fail since Exhibit "A" to Plaintiffs' Complaint and Plaintiffs' averments therein clearly establish that he was an employee.

**B.     Whether Plaintiff's Fourteenth Amendment Rights Were Violated by the Defendants**

Plaintiff argues that his right to liberty under the Fourteenth Amendment was violated by the memorandum posted by Assistant Township Manager Robin DeAngelis and the fact that Plaintiff was accompanied by police officers when he removed his personal belongings from the Pro Shop. Plaintiff cites Bishop vs. Wood, 426 U.S. 341, 96 S.Ct. 2074 (1976) for the proposition that Plaintiff was clearly "entitled to a name clearing due process hearing regardless of whether he was an independent contractor or an employee at will." (Plaintiffs' Brief at p. 8). A review of the ruling in Bishop, however, does not support this conclusion. In Bishop the United States Supreme Court affirmed the lower court's Order granting Defendants' Motion for Summary Judgment and held that the police officer discharged in that case was not deprived of a property interest protected by the Fourteenth Amendment and, further, that the statements of asserted reasons for his discharge did not deprive him of "liberty" under the circumstances existing therein.

The Supreme Court noted that a public employee who is dischargeable at will is not deprived of his liberty interest following his discharge where "…there is no public disclosure of the reasons for the discharge." (426 U.S. at 348).  The Court went onto note the following at 426 U.S. 349, 350.

> The federal court is not the appropriate forum in which to review the multitude of personnel decisions that are made daily by public agencies.  We must accept the harsh fact that numerous individual mistakes are inevitable in the day to day administration of our affairs. The United States Constitution cannot feasibly be construed to require federal judicial review for every such error.  In the absence of any claim that the public employer was motivated by a desire to curtail or to penalize the exercise of an employee's constitutionally protected rights, we must presume that official action was regular and, if erroneous, can best be corrected in other ways.  The Due Process Clause of the Fourteenth Amendment is not a guarantee against incorrect or ill-advised personnel decisions.

With this statement, the Supreme Court affirmed the lower court's dismissal of the employee's Fourteenth Amendment challenge. Similarly, Mr. Phillips does not stand in any greater position than the Plaintiff in Bishop and the memorandum posted by Robin DeAngelis mentioned nothing of the reasons for his termination but made it clear that he was not permitted to be on Township property in the future.  That the Plaintiff was accompanied by police officers while removing personal items from Township property is not an indication of wrongdoing since there is no allegation that he was arrested or prosecuted for anything.  The Township has a right to protect its property and to oversee the process in this fashion should it choose to do so.

In Unger vs. National Residents Matching Program, 928 F.2d 1392 (3rd Cir. 1991) the Court determined that there was no property interest found in the contract at issue.  The Third Circuit noted that it must first determine what kind of contracts with the state create rights that are protected by the Constitution.  It noted that there are two general types found to be property protected under the Fourteenth Amendment.  The first arises "…where the contract confers a protected status, such as those 'characterized by a quality of either extreme dependence in the case of Welfare benefits, or

4

permanence in the case of tenure, or sometimes both, as frequently occurs in the case of Social Security Benefits.'" The Court recognized the second type of property interest which arises "…where the contract itself includes a provision that the state entity can terminate the contract only for cause." (Unger at p. 1399 citing S&D Maintenance Company vs. Goldin, 844 F.2d 962 at 966, 967.)

The letter attached to Plaintiffs' Complaint did not confer any protective status upon the Plaintiff nor did it provide Plaintiff with a termination clause requiring termination only for cause. As in Unger, Mr. Phillips' argument that he had a property right protected by the Fourteenth Amendment simply does not set forth a viable claim. Therefore, even if Plaintiff were to attain the status of independent contractor, the contract itself does not come within the purview of the Fourteenth Amendment's protection.

### C.     Whether Plaintiff Has Rights Under the Local Agency Law?

Plaintiff cites the case of Thwing vs. Otto-Eldred School District, 350 A.2d 892 (Cmwlth Crt. 1976) as a controlling authority with respect to whether or not the Plaintiff was entitled to a hearing prior to dismissal. A review of the Court's decision in Thwing will reveal that it is an extremely narrow ruling which has no applicability to the present case. The Court itself noted that the " unique characteristics of this case limit our result" and its finding that the Plaintiff in that case was a party was based in large part on the fact that the School District provided notice to the Plaintiff to attend a meeting at which her termination was the subject matter. Accordingly, the Local Agency Law would not apply to the present case.

### II.    CONCLUSION

For the reasons stated herein, the Defendants respectfully requests that the Court grant its

Motion for Partial Dismissal.

                                              Respectfully Submitted,
                                              **HOLSTEN & ASSOCIATES**

**BY:** _____
                                              **ROBERT P. DIDOMENICIS, ESQUIRE**
                                              One Olive Street
                                              Media, PA 19063
                                              I.D. #30482
                                              610-627-2437
                                              Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **COREY B. PHILLIPS and ALICIA S. PHILLIPS** | : | CIVIL ACTION #02-3749 |
| **PLAINTIFFS** | : | |
| | : | |
| vs. | : | JURY TRIAL DEMANDED |
| | : | |
| **WEST NORRITION TOWNSHIP** | : | |
| **MANRICO A. TRONCELLITI, JR.** | : | |
| **EDWARD J. BARTOSZEK** | : | |
| **BARBARA A. BERGSTRASSER** | : | |
| **GEORGE J. STOJKANOVICH** | : | |
| **MICHAEL A. VEREB, INDIVIDUALLY AND IN** | : | |
| **THEIR OFFICIAL CAPACITY AS COMMISSIONERS** | | |
| **OF WEST NORRITON TOWNSHIP** | : | |
| **THE BOARD OF COMMISSIONERS OF WEST** | : | |
| **NORRITON TOWNSHIP** | : | |
| **JOSEPH J. HEIN, INDIVIDUALLY AND IN HIS** | : | |
| **OFFICAL CAPACITY AS TOWNSHIP MANAGER** | : | |
| **OF WEST NORRITON TOWNSHIP** | : | |
| **ROBIN DEANGELIS, INDIVIDUALLY AND IN** | : | |
| **HER OFFICIAL CAPACITY AS ASSISTANT** | : | |
| **TOWNSHIP MANAGER OF WEST NORRITON** | | |
| **TOWNSHIP** | : | |
| **DEFENDANTS** | : | |

## CERTIFICATE OF SERVICE

I, Robert P. DiDomenicis, Esquire, attorney for the Defendants in the above matter hereby certify that a true and correct copy of the Defendants' Reply Memorandum to Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion for Partial Dismissal was filed by Electronic Case Filing and will be sent by first class mail on the date listed below to the following in the event that they are not participants in the ECF system:

Leo Hackett, Esquire
300 West State Street, Suite 301
Media, PA 19063

                George P. Noel, Esquire
25 East Second Street, P.O. Box 1590
                    Media, PA 19063

                          Respectfully Submitted,
                          **HOLSTEN & ASSOCIATES**


                 **BY:** _____
                          **ROBERT P. DIDOMENICIS, ESQUIRE**
                          One Olive Street, Media, PA 19063
                          I.D. #30482
                          610-627-2437
                          Attorney for Defendants


Date:_____