•

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COREY B. PHILLIPS, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| WEST NORRITON TOWNSHIP, et al. | : | NO. 02-3749 |

## SCHEDULING ORDER

**AND NOW**, this          day of          January, 2003,

**IT IS ORDERED** as follows:

1. Pretrial timetable:

  • All discovery shall be completed by **May 30, 2003**.

  • Close of fact discovery **April 30, 2003.**

  • Expert reports due **May 15, 2003**; Rebuttal reports due **May 30, 2003**; depositions of all experts to be completed by: **May 30, 2003.**

  • Dispositive motions due **June 15, 2003.**

  • Exchange of exhibits due **June 16, 2003.**

  • Plaintiff's pre-trial memorandum due: **July 30, 2003.**

  • Defendant's pre-trial memorandum due: **August 14, 2003.**

  • All motions in limine due: **September 1, 2003.**

  • All responses to motions in limine due **September 15, 2003.**

  • Pre-trial hearing, such as Daubert, will be held    N/A

  • Final pre-trial conference to be held:   **October 6, 2003** at **4:15 p.m.**

2. This case will be placed into the trial pool on **October 13, 2003** or as soon thereafter as all dispositive motions have been decided.

3. Unless the parties agree to another form of ADR, they shall schedule a settlement conference before United States Magistrate Judge Diane Welsh on or about  Judge Welsh will require that lead counsel and parties with full settlement authority attend the conference.

4. I prefer that a party moving for summary judgment under F.R.C.P. 56 follow the instructions set forth in **Attachment A.**  For me to consider any filing made in conjunction with a motion for summary judgment, all references to affadavits, depositions, documents or other evidence **must** cite specifically to the exhibit, page and line number.

5. Pre-trial memoranda shall be filed pursuant to Local RCP 16.1(c) and shall contain all items listed in that rule.

6. In addition to the above, in a jury trial, each party shall submit with the pretrial memoranda:

   (a)  a trial memoranda on the legal issues in the case,

   (b)  proposed voir dire questions (**limited to 15 questions**),

   (c)  proposed jury instructions (one point per page).  Failure to submit proposed jury instructions may result in the forfeiture of a right to object to omissions in the jury charge.

   (d)  proposed jury verdict sheet and special interrogatories


In addition to the items above, in non-jury cases, each party shall file:

   (e)  a trial memorandum on the legal issues in the case.

   (f)  proposed findings of fact and conclusions of law,

7. In preparation for the final pretrial conference, counsel are expected to communicate with each other on the following matters in an effort to reach agreement.  At the final pre-trial conference, counsel must be prepared to present a report on the following matters:

   (a)  agreed to and disputed facts

   (b)  objections to any proposed witnesses;

   (c)  objections to any proposed exhibits (including objections to genuineness and authenticity);

(d) objections to any depositions to be read at trial;

(e) disputed legal issues;

(f) amendments to pleadings;

(g) stipulated to and disputed points for charge;

(h) verdict sheet and special interrogatories; and

(i) number of days required for trial.

8. Three copies of the schedules of exhibits and, if practicable, two copies of the exhibit itself shall be prepared for my use at trial.

9. **REMINDER:** Counsel must submit to chambers **TWO** courtesy copies of all papers filed with the clerk. **Note:** This requirement also applies in ECF cases. The submissions to chambers must be in hard copy, accompanied by a 3" floppy disc.

10. Your case has been assigned to:

    \_\_\_\_\_ Law Clerk Tom Sullivan, thomas_sullivan@paed.uscourts.gov
    \_\_\_\_\_ Law Clerk Sabrina Feve, sabrina_feve@paed.uscourts.gov
    __X_ Law Clerk Hannah Rogers, hannah_rogers@paed.uscourts.gov

11: Counsel are reminded that all submissions given directly to Judge Brody in the courtroom or chambers must also be filed by counsel with the Clerk of the Court to assure proper docketing.

12. Judge Brody's Policies and Procedures can be accessed via the U.S. District Court's website at **www.paed.uscourts.gov.**

13. Throughout the course of the litigation, counsel shall provide the courtroom deputy clerk, Jim Scheidt, with current telephone and FAX numbers(s).

                                                _____
                                                Anita B. Brody,    J.

Chambers Fax: 215-580-2356

COPIES FAXED on _____to: COPIES MAILED on _____ to:

**Attachment A**

PREFERRED PROCEDURE

<u>Brody Instructions on Summary Judgment for those moving under Rule 56(b)</u>

Rule 56(b) of the Federal Rules of Civil Procedure provides that:

"A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof."

- A party referred to in Rule 56(b) and moving under Rule 56(b) may move without reference to supporting affidavits or other evidence and, in doing so, the party making the motion shall:

    (1) identify in outline form the issue(s) and/or sub-issue(s) as to which the Motion is directed, for example, referring to the pleadings;
    (2) affirm, on the basis prescribed in Rule 11, that there is no legally sufficient evidentiary basis to support the issues so identified; and
    (3) request judgment as provided in Rule 56(c).

- The party against whom the Motion for Summary Judgment is addressed shall file a Response not later than 20 days after the Motion for Summary Judgment is received. The Response, subject to provision of Rule 56(e) and (f), shall be supported with affidavits, depositions, documents or other evidence permitted by those provisions. Where applicable, references to such evidence must include **specific** citations to exhibit, page, and line number.

- The movant shall file a Reply as permitted by Rule 56(e) and (f). Such a Reply must be filed not later than 10 days after the Response described in paragraph (b) is received. The Reply must **specify** the relevant exhibit, page, and line numbers when referring to the record.

- The party against whom the Motion for Summary Judgment is directed may, within 10 days after the Reply is received, file a Sur-reply to the reply described in paragraph (d) above. The Sur-reply must **specify** the relevant exhibit, page, and line numbers when referring to the record.

*The purpose of these <u>Instructions</u> is to encourage the parties in their dispositive motion to track the natural order of trial where the plaintiff sets forth its cause and the defendant then responds.*