IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **COREY B. PHILLIPS and ALICIA S. PHILLIPS** | : | CIVIL ACTION #02-3749 |
| **PLAINTIFFS** | : | |
| | : | |
| vs. | : | JURY TRIAL DEMANDED |
| | : | |
| **WEST NORRITION TOWNSHIP** | : | |
| **MANRICO A. TRONCELLITI, JR.** | : | |
| **EDWARD J. BARTOSZEK** | : | |
| **BARBARA A. BERGSTRASSER** | : | |
| **GEORGE J. STOJKANOVICH** | : | |
| **MICHAEL A. VEREB, INDIVIDUALLY AND IN** | : | |
| **THEIR OFFICIAL CAPACITY AS COMMISSIONERS** | | |
| **OF WEST NORRITON TOWNSHIP** | : | |
| **THE BOARD OF COMMISSIONERS OF WEST** | : | |
| **NORRITON TOWNSHIP** | : | |
| **JOSEPH J. HEIN, INDIVIDUALLY AND IN HIS** | : | |
| **OFFICAL CAPACITY AS TOWNSHIP MANAGER** | : | |
| **OF WEST NORRITON TOWNSHIP** | : | |
| **ROBIN DEANGELIS, INDIVIDUALLY AND IN** | : | |
| **HER OFFICIAL CAPACITY AS ASSISTANT** | : | |
| **TOWNSHIP MANAGER OF WEST NORRITON** | : | |
| **TOWNSHIP** | : | |
| **DEFENDANTS** | | |

**DEFENDANTS' ANSWER WITH AFFIRMATIVE
DEFENSES TO PLAINTIFFS' AMENDED COMPLAINT
AND DEFENDANTS' COUNTERCLAIM AGAINST PLAINTIFFS**

**I.   NATURE OF THE CLAIM**

1. Admitted in part, denied in part. It is admitted that Plaintiff has filed an Amended Complaint seeking relief upon the cause of actions as set forth in paragraph 1. It is denied that the Plaintiffs are entitled to relief on said causes of action.

**II.   JURISDICTION**

2. Admitted.

**III.   PLAINTIFFS**

      3.      Admitted upon information and belief.

IV.      **DEFENDANTS**

      4.      Admitted.

      5.      Admitted.

      6.      Admitted.

      7.      Admitted.

      8.      Admitted.

      9.      Admitted.

      10.      Admitted.

      11.      Admitted.

      12.      Admitted.

V.      **STATEMENT OF THE FACTS**

      13.      Denied. It is specifically denied that Plaintiff, Corey B. Phillips, was an independent contractor for the Township of West Norriton. At all times material hereto, Plaintiff was employed by the Township as the Director of Golf at Jeffersonville Golf Club which is owned and operated by the Township. Therefore, strict proof is demanded.

      14.      Admitted in part, denied in part. It is admitted only that the Plaintiff agreed to become an employee of the Township by accepting the position set forth in paragraph 13. The letter, being in writing, speaks for itself. Therefore, said averments are denied and strict proof is demanded.

      15.      Denied. These averments are deemed conclusions of law to which no responsive pleading is required. By way of further answer, said letter did not operate under Pennsylvania law to deprive the Township of West Norriton of the right to terminate Plaintiff at will. Therefore, strict

proof is demanded.

16.     Denied. These averments are deemed conclusions of law to which no responsive pleading is required.

17.     It is admitted only that the Plaintiff began his employment with the Township on September 1, 2000.  Any averments to the contrary are denied and strict proof is demanded.

18.     Denied as stated. It is admitted that the Plaintiff was terminated from his position on March 13, 2002.  The remaining averments are denied and strict proof is demanded.

19.     Denied. Plaintiff's termination was with cause and in accordance with the rights of the Township under Pennsylvania law as Plaintiff was an employee at will.  Therefore, said averments are denied and strict proof is demanded.

20.     Denied. These averments are deemed conclusions of law to which no responsive pleading is required.

21.     Denied. These averments are deemed conclusions of law to which no responsive pleading is required.  By way of further answer, the Township has the right to handle all personnel matters such as the termination of Plaintiff's employment in executive session rather than public meeting. Therefore, said averments are denied and strict proof is demanded.

22.     Denied.  After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein.  The allegations are, therefore, denied and strict proof thereof is demanded at trial.

23.     It is admitted that Plaintiff was permitted to obtain and collect his personal belongings and that one or more police officers of the Township of West Norriton were present while Plaintiff collected his personal belongings. The remaining averments are denied and strict proof is demanded.

24.     Denied. It is specifically denied that the Plaintiff was ever in the custody of any police officer of the Township of West Norriton at any time material to Plaintiffs' Complaint. It is admitted the photographs were taken by a police officer of the inventory that was then and there present on the premises of the Jeffersonville Golf Club.  The remaining averments are denied and strict proof is demanded.

25.     Denied. It is specifically denied that the Plaintiff was ever in the custody of the uniformed police officers.  Therefore, said averments are denied and strict proof is demanded.

26.     Denied.  After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein.  The allegations are, therefore, denied and strict proof thereof is demanded at trial.

27.     Denied as stated.  The memorandum of March 13, 2002, being in writing, speaks for itself.  Therefore, said averments are denied and strict proof is demanded.

## VI.    DUE PROCESS CLAIM

### PLAINTIFF COREY B. PHILLIPS vs. TOWNSHIP AND BOARD OF COMMISSIONERS

28.     Answering Defendants hereby incorporate by reference their Answers to paragraphs 1 through 27 as though the same were set forth at length hereinafter.

29.     Denied. These averments are deemed conclusions of law to which no responsive pleading is required.

30.     Denied. These averments are deemed conclusions of law to which no responsive pleading is required.

31.     Denied. These averments are deemed conclusions of law to which no responsive pleading is required.

32.     Denied. These averments are deemed conclusions of law to which no responsive

pleading is required.

33.   Denied. These averments are deemed conclusions of law to which no responsive pleading is required.

**WHEREFORE**, the Township of West Norriton and the Board of Commissioners demand that judgment be entered in their favor and against Plaintiff.

**VII.   LOCAL AGENCY CLAIM**

**PLAINTIFF COREY B. PHILLIPS vs. TOWNSHIP
AND BOARD OF COMMISSIONERS**

34.   Defendants, Township of West Norriton and Board of Commissioners, hereby incorporate by reference their Answers to paragraphs 1 through 33 of Plaintiffs' Amended Complaint as though the same were set forth at length hereinafter.

35.   Denied. These averments are deemed conclusions of law to which no responsive pleading is required.

**WHEREFORE**, Answering Defendants demand that judgment be entered in their favor and against the Plaintiff.

**VIII.   LIBERTY INTEREST CLAIM**

**PLAINTIFF COREY B. PHILLIPS vs. TOWNSHIP OF
WEST NORRITON, BOARD OF COMMISIONERS,
JOSEPH J. HEIN AND ROBIN DeANGELIS**

36.   Answering Defendants hereby incorporate by reference their Answers to paragraph 1 through 35 of Plaintiffs' Amended Complaint as though the same were set forth at length hereinafter.

37.   Denied. These averments are deemed conclusions of law to which no responsive pleading is required.  To the extent that the averments contained in the named paragraphs are not deemed conclusions of law, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained

therein. The averments are, therefore, denied and strict proof thereof is demanded at the time of trial.

38. Denied. These averments are deemed conclusions of law to which no responsive pleading is required.

39. Denied. These averments are deemed conclusions of law to which no responsive pleading is required.

**WHEREFORE**, Answering Defendants demand that judgment be entered in their favor and against the Plaintiff.

**IX.    DEFAMATION CLAIM**

<u>**PLAINTIFF COREY B. PHILLIPS vs. TOWNSHIP
OF WEST NORRITON, BOARD OF COMMISIONERS
AND JOSEPH J. HEIN AND ROBIN DeANGELIS**</u>

40. Answering Defendants hereby incorporate by reference their Answers to paragraphs 1 through 39 of Plaintiffs' Amended Complaint as though the same were set forth at length hereinafter.

41. Denied. These averments are deemed conclusions of law to which no responsive pleading is required. To the extent that the averments contained in the named paragraphs are not deemed conclusions of law, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein. The averments are, therefore, denied and strict proof thereof is demanded at the time of trial.

**WHEREFORE**, Answering Defendants demand that judgment be entered in their favor and against the Plaintiff.

X.  **CLAIM OF FALSE IMPRISONMENT**

**PLAINTIFF COREY B. PHILLIPS vs. TOWNSHIP
OF WEST NORRITON, BOARD OF COMMISSIONERS
AND JOSEPH J. HEIN**

42. Answering Defendants hereby incorporate by reference their Answers to paragraphs 1 through 41 of Plaintiffs' Amended Complaint as though the same were set forth at length hereinafter.

43. Denied. These averments are deemed conclusions of law to which no responsive pleading is required. To the extent that the averments contained in the named paragraphs are not deemed conclusions of law, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein. The averments are, therefore, denied and strict proof thereof is demanded at the time of trial.

**WHEREFORE**, Answering Defendants demand that judgment be entered in their favor and against the Plaintiff.

XII. **SUNSHINE LAW VIOLATION CLAIM**

**PLAINTIFF COREY B. PHILLIPS vs. TOWNSHIP
OF WEST NORRITON, BOARD OF COMMISSIONERS
AND COMMISSIONERS TRONCELLITI, BARTOSZEK,
BERGSTRASSER, STOJANOVICH AND VEREB**

44. Answering Defendants incorporate by reference their Answers to paragraphs 1 through 43 as though the same were set forth at length hereinafter.

45. Denied. These averments are deemed conclusions of law to which no responsive pleading is required. To the extent that the averments contained in the named paragraphs are not deemed conclusions of law, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein. The averments are, therefore, denied and strict proof thereof is demanded at the time of

trial.

**WHEREFORE,** Answering Defendants demand that judgment be entered in their favor and against the Plaintiff.

**XII    BREACH OF CONTRACT CLAIM**

<u>**PLAINTIFF COREY B. PHILLIPS vs. WEST NORRITON TOWNSHIP AND BOARD OF COMMISSIONERS**</u>

46.    Answering Defendants incorporate by reference their Answers to paragraphs 1 through 45 as though the same were set forth at length hereinafter.

47.    Denied. These averments are deemed conclusions of law to which no responsive pleading is required. To the extent that the averments contained in the named paragraphs are not deemed conclusions of law, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein. The averments are, therefore, denied and strict proof thereof is demanded at the time of trial.

48.    Denied. These averments are deemed conclusions of law to which no responsive pleading is required. To the extent that the averments contained in the named paragraphs are not deemed conclusions of law, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein. The averments are, therefore, denied and strict proof thereof is demanded at the time of trial.

49.    Denied. These averments are deemed conclusions of law to which no responsive pleading is required. To the extent that the averments contained in the named paragraphs are not deemed conclusions of law, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained

therein. The averments are, therefore, denied and strict proof thereof is demanded at the time of trial.

**WHEREFORE**, Answering Defendants demand that judgment be entered in their favor and against the Plaintiff.

### XIII. THE CONVERSION CLAIM

#### PLAINTIFF COREY B. PHILLIPS vs. WEST NORRITON TOWNSHIP AND BOARD OF COMMISSIONERS

50. Answering Defendants incorporate by reference their Answers to paragraphs 1 through 49 of Plaintiffs' Amended Complaint as though the same were set forth at length hereinafter.

51. Denied. These averments are deemed conclusions of law to which no responsive pleading is required. To the extent that the averments contained in the named paragraphs are not deemed conclusions of law, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein. The averments are, therefore, denied and strict proof thereof is demanded at the time of trial.

**WHEREFORE,** Answering Defendants demand that judgment be entered in their favor and against the Plaintiff.

### XIV. CLAIM FOR AN ACCOUNTING

#### PLAINTIFF COREY B. PHILLIPS vs. WEST NORRITON TOWNSHIP AND BOARD OF COMMISSIONERS

52. Answering Defendants hereby incorporate by reference their Answers to paragraphs 1 through 51 of Plaintiffs' Amended Complaint as though the same were set forth at length hereinafter.

53. Denied. These averments are deemed conclusions of law to which no responsive

pleading is required.

**WHEREFORE,** Answering Defendants demand that judgment be entered in their favor and against the Plaintiff.

## XV.   INTERFERENCE WITH CONTRACT CLAIM

### PLAINTIFF COREY B. PHILLIPS vs. JOSEPH J. HEIN

54.    Answering Defendant hereby incorporates by reference his Answers to paragraphs 1 through 53 of Plaintiffs' Amended Complaint as though the same were set forth at length hereinafter.

55.    Denied. These averments are deemed conclusions of law to which no responsive pleading is required.  To the extent that the averments contained in the named paragraphs are not deemed conclusions of law, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein.  The averments are, therefore, denied and strict proof thereof is demanded at the time of trial.

**WHEREFORE,** Answering Defendants demand that judgment be entered in their favor and against the Plaintiff.

## XVI.   SUBSTANTIVE DUE PROCESS/ABUSE OF POLICE POWER CLAIM

### PLAINTIFF COREY B. PHILLIPS vs. TOWNSHIP OF WEST NORRITON, BOARD OF COMMISSIONERS, JOSEPH J. HEIN AND ROBIN DeANGELIS

56.    Answering Defendants hereby incorporate by reference their Answers to paragraphs 1 through 55 of Plaintiffs' Amended Complaint as though the same were set forth at length hereinafter.

57.    Denied. These averments are deemed conclusions of law to which no responsive pleading is required.

58. Denied. These averments are deemed conclusions of law to which no responsive pleading is required. To the extent that the averments contained in the named paragraphs are not deemed conclusions of law, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein. The averments are, therefore, denied and strict proof thereof is demanded at the time of trial. By way of further Answer, the Plaintiff was never in the custody of police officers at any time material to Plaintiffs' Complaint.

59. Denied. These averments are deemed conclusions of law to which no responsive pleading is required.

60. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein. The allegations are, therefore, denied and strict proof thereof is demanded at trial.

61. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein. The allegations are, therefore, denied and strict proof thereof is demanded at trial.

62. Denied. It is specifically denied that the Plaintiff was ever in the custody of police officers at any time material to Plaintiffs' Complaint. Therefore, said averments are denied and strict proof is demanded.

63. Denied. These averments are deemed conclusions of law to which no responsive pleading is required.

64. Denied. These averments are deemed conclusions of law to which no responsive pleading is required. To the extent that the averments contained in the named paragraphs are not deemed conclusions of law, after reasonable investigation, Answering Defendant is without

knowledge or information sufficient to form a belief as to the truth of the averments contained therein. The averments are, therefore, denied and strict proof thereof is demanded at the time of trial.

**WHEREFORE,** Answering Defendants demand that judgment be entered in their favor and against the Plaintiff.

### XVII. MENTAL ANGUISH, HUMILIATION, EMBARRASSMENT, PAIN AND SUFFERING

65. Answering Defendants hereby incorporate by reference their Answers to paragraph 1 through 64 of Plaintiffs' Amended Complaint as though the same were set forth at length hereinafter.

66. Denied. These averments are deemed conclusions of law to which no responsive pleading is required.

**WHEREFORE,** Answering Defendants demand that judgment be entered in their favor and against the Plaintiff.

### XVIII. LOSS OF CONSORTIUM CLAIM

**PLAINTIFF ALICIA S. PHILLIPS vs. TOWNSHIP OF WEST NORRITON, BOARD OF COMMISSIONERS AND DEFENDANTS TRONCELLITI, BARTOSZEK, BERGSTRASSER, STOJANOVICH AND VEREB**

67. Answering Defendants hereby incorporate by reference their Answers to paragraphs 1 through 66 of Plaintiffs' Amended Complaint as though the same were set forth hereinafter.

68. Denied. These averments are deemed conclusions of law to which no responsive pleading is required. To the extent that the averments contained in the named paragraphs are not deemed conclusions of law, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained

therein. The averments are, therefore, denied and strict proof thereof is demanded at the time of trial.

69. Denied. These averments are deemed conclusions of law to which no responsive pleading is required. To the extent that the averments contained in the named paragraphs are not deemed conclusions of law, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein. The averments are, therefore, denied and strict proof thereof is demanded at the time of trial.

**WHEREFORE,** Answering Defendants demand that judgment be entered in their favor and against the Plaintiff.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim upon which relief can be granted against the Defendants.

### SECOND AFFIRMATIVE DEFENSE

Merely negligent conduct on the part of the Defendants is not a basis for liability under 42 U.S.C. §1983.

### THIRD AFFIRMATIVE DEFENSE

Any injury or loss suffered by the Plaintiffs was solely the result of Plaintiff's voluntary, intentional, wrongful and/or negligent acts and omissions and not the result of any conduct on behalf of or by the Defendants.

### FOURTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims may be barred by the applicable statute of limitations.

### FIFTH AFFIRMATIVE DEFENSE

At all times material to Plaintiffs' Complaint the Defendants acted with good faith.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against the Answering Defendants are barred by the doctrine of qualified immunity.

### SEVENTH AFFIRMATIVE DEFENSE

The Defendant municipality, its Commissioners and its employees and officials are immune from Plaintiffs' state law claims pursuant to 42 Pa. C.S.A. §8541, et seq.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to plead a legitimate, sufficient or viable claim of violation of official policy, custom or practice against the municipal Defendant.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims under the Sunshine Law and Local Agency Law are not cognizable.

### TENTH AFFIRMATIVE DEFENSE

At all times material to Plaintiffs' Complaint, Plaintiff was an employee and subject to termination at will.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff did not have a legally enforceable contract with the municipal Defendant.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff did not have a property interest or expectation of continued employment with the Defendant.

### THIRTEENTH AFFIRMATIVE DEFENSE

At no time material to Plaintiffs' cause of action did the Defendants or any one of them

commit an arbitrary or capricious act depriving Plaintiff of any protected property interest.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff has no claim under law for punitive damages against the municipal Defendant or its employees and officials acting in their official capacity.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff was terminated for cause as set forth in the notice terminating Plaintiff and as a result of his actions and omissions, some of which are more fully set forth in the Counterclaim which is incorporated herein by reference.

## COUNTERCLAIM

### WEST NORRITON TOWNSHIP, BOARD OF COMMISSIONERS OF WEST NORRITON TOWNSHIP
### VS. COREY B. PHILLIPS

70. Defendants herein, West Norriton Township and Board of Commissioners of West Norriton Township incorporate Defendants' Answer with Affirmative Defenses to Plaintiffs' Amended Complaint as if the same were set forth herein at length.

71. While employed by Defendant, West Norriton Township and the Board of Commissions of West Norriton Township, Plaintiff, without permission or authorization, caused the Defendants, Counterclaimants herein, West Norriton Township and the Board of Commissions of West Norriton Township, to incur certain costs and expenses as hereinafter set forth as follows:

   a) Tee Time Pass - Free rounds totaling 2,723 through December 31, 2002, at a cost to the Township of $59,906;

   b) Merchandise Gift Certificates totaling $324;

   c) Lesson Certificates totaling $555;

   d) Free passes for outings totaling $228;

   e) 24 week day greens fees and cart passes to Regal Cinemas at a total cost of $840;

   f) 60 month Cintas Contract for a total cost of $7,200;

   g) AM Player golf merchandise paid for by Defendant/Counterclaimant for a total cost of $572.66;

72. Total amount claimed due and owing per the above from the Plaintiff/Counter Defendant to the Defendant/Counterclaimants, West Norriton Township and the Board of Commissions of West Norriton Township, is $69,625.66.

**WHEREFORE**, Defendant/Counterclaimants, West Norriton Township and the Board of Commissions of West Norriton Township, demand damages against Plaintiff/Counter Defendant, Corey B. Phillips, in the amount of $69,625.66 plus interest, court costs and attorneys' fees.

                    **HOLSTEN & ASSOCIATES**

      **BY:** _____
            **ROBERT P. DIDOMENICIS, ESQUIRE**
            One Olive Street
            Media, PA 19063
            I.D. #30482
            610-627-2437
            Attorney for Defendants

            **KERNS, PEARLSTINE,**
            **ONORATO & FATH, LLP**

      **BY**: _____
            **David C. Onorato**
            Attorney for Defendant/Counterclaimants,
            West Norriton Township and the Board of
            Commissions of West Norriton Township

Date:  <u>March 4, 2003</u>

**CERTIFICATE OF SERVICE**

  I, Robert P. DiDomenicis, Esquire, attorney for the Defendants in the above matter hereby certify that a true and correct copy of the Defendants' Answer with Affirmative Defenses to Plaintiffs' Amended Complaint was filed by Electronic Case Filing and will be sent by first class mail on the date listed below to the following in the event that they are not participants in the ECF system:

Leo Hackett, Esquire
300 West State Street, Suite 301
Media, PA 19063

George P. Noel, Esquire
25 east Second Street
P.O. Box 1590
Media, PA 19063

       Respectfully Submitted,
       **HOLSTEN & ASSOCIATES**


**BY:** _____
       **ROBERT P. DIDOMENICIS, ESQUIRE**
       One Olive Street
       Media, PA 19063
       I.D. #30482
       610-627-2437
       Attorney for Defendants

       **KERNS, PEARLSTINE,**
       **ONORATO & FATH, LLP**


**BY**: _____
       **David C. Onorato**
       Attorney for Defendant/Counterclaimants,
       West Norriton Township and the Board of
       Commissions of West Norriton Township

Date: March 4, 2003